IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**
APR 3 0 2025
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. |
| v. ) | |
| ) | |
| DANIEL PAULINO, ) | **4:25CR237-RWS/PLC** |
| ) | |
| Defendant. ) | |

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNTS 1 - 3
### WIRE FRAUD

A. INTRODUCTION

At all times relevant to the Indictment:

1. Velda City is a city located in St. Louis County, Missouri. According to the U.S. Census Bureau 2016-2020 Survey, there were approximately 1,250 people living in Velda City, Missouri, with approximately 20% of its residents living below the poverty line.

2. The defendant, **DANIEL PAULINO**, (hereinafter referred to as "**PAULINO**"), was the City Administrator of Velda City, Missouri, having been appointed to that position during in or about 2021. In that position, **PAULINO** was responsible for overseeing the operations of the city, handling all payroll functions for the city, and he had full access to and signature authority over the city's bank accounts held at Simmons Bank.

3. **PAULINO** also served as Chief of Police for Velda City, Missouri. In that position, **PAULINO** supervised the city's police officers and police department staff, and also performed duties as a sworn police officer. The Velda City Police Department, under **PAULINO**, also patrolled the neighboring city of Flordell Hills, Missouri. **PAULINO** earned

an annual salary of approximately $95,000 in his dual positions as City Administrator and Police Chief.

4. Defendant, **PAULINO** shared a residence with his spouse, SZ. SZ was paid by Velda City for purported work, not actually performed, in the city's public works division during the years 2021 through 2023.

5. Defendant, **PAULINO** also owned and operated several private business entities, including R & B Towing and D & H Towing, LLC. An additional private business entity, Renovations-STL, Company was registered in the name of SZ.

B. SCHEME TO DEFRAUD

6. Beginning in or about 2021 and continuing through in or about April, 2024, both dates being approximate and inclusive, in the Eastern District of Missouri and elsewhere, the defendant,

**DANIEL PAULINO,**

devised, intended to devise, and knowingly participated in a scheme to defraud and obtain money from Velda City, Missouri, in an approximate amount of $313,420.02, by means of materially false and fraudulent pretenses, representations, and promises.

7. As a part of his scheme, defendant **PAULINO** caused approximately three (3) Velda City checks to be issued to himself in the total amount of approximately $1,800.00, without the authority and knowledge of Velda City and its Mayor, Treasurer, or Board of Aldermen. **PAULINO** deposited the unauthorized checks into his personal bank account at Bank of America, and used those funds for his own personal expenses unrelated to the legitimate business of Velda City.

8. As a further part of his scheme, defendant **PAULINO** caused approximately twenty (20) direct deposits of Velda City funds, purportedly for additional payroll, in the total

amount of approximately $30,677.53, to be issued to his personal bank account at Bank of America, without the authority and knowledge of Velda City and its Mayor, Treasurer, or Board of Aldermen. **PAULINO** used those funds for his own personal expenses unrelated to the legitimate business of Velda City.

9. As a further part of his fraudulent scheme, on approximately seventeen (17) occasions, **PAULINO** used Velda City's VISA credit card, issued by Simmons Bank, to transfer Velda City funds in the total amount of approximately $43,870.00 to his and SZ's privately owned businesses, Renovations-STL and R & B Towing, without the authority and knowledge of Velda City and its Mayor, Treasurer, or Board of Aldermen. Those Velda City funds ultimately were transferred to either **PAULINO's** personal bank account at Capital One, or his D and H Towing bank account at Bank of America. **PAULINO** used those funds for his own personal expenses, unrelated to the legitimate business of Velda City.

10. As a further part of his scheme, defendant **PAULINO** caused approximately fifty-five (55) direct deposits of Velda City funds, purportedly for SZ's payroll, in the total amount of approximately $54,693.83, to be issued to **PAULINO's** personal bank account at Capital One, without the authority and knowledge of Velda City and its Mayor, Treasurer, or Board of Aldermen. **PAULINO** used those funds for his own personal expenses unrelated to the legitimate business of Velda City.

11. As a further part of his scheme, **PAULINO** caused approximately 828 charges to be made on Velda City's VISA credit card to pay third party vendors for his personal expenses, unrelated to the legitimate business of Velda City, and without the authority and knowledge of Velda City and its Mayor, Treasurer, or Board of Aldermen, in the total amount of approximately $145,428.86. Further, **PAULINO** caused approximately 8 checks to be issued on Velda City's Simmons Bank account to pay third party vendors for his personal expenses, unrelated to the

legitimate business of Velda City, and without the authority and knowledge of Velda City and its Mayor, Treasurer, or Board of Aldermen, in the total amount of approximately $34,374.38. One of those checks, in the amount of $25,500.00, was issued by **PAULINO** to A Towing Service in payment for a 2007 International tow truck registered in **PAULINO's** name and used by **PAULINO** in his privately owned towing company. Further, **PAULINO** caused Automated Clearing House ("ACH") transactions to be made from Velda City's Simmons Bank account to pay third party vendors for his personal expenses, unrelated to the legitimate business of Velda City, and without the authority and knowledge of Velda City and its Mayor, Treasurer, or Board of Aldermen, in the total amount of approximately $2,575.42.

12. In furtherance of his scheme, the personal expenses **PAULINO** paid for with Velda City funds obtained through his scheme included, but were not limited to, payments for travel, automobiles, pool supplies, utilities on his personal residence, and food and beverage charges.

13. During the period of his scheme, and in order to conceal his scheme, **PAULINO** caused funds in the approximate total amount of $58,171.00 to be transferred from his personal bank accounts or his business accounts to Velda City's Simmons Bank account, or credited to Velda City's VISA credit card.

C. THE WIRES

### COUNT 1

14. On or about February 1, 2022, within the Eastern District of Missouri and elsewhere, for the purpose of executing the above-described scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, and representations, the defendant,

**DANIEL PAULINO,**

did knowingly transmit and cause to be transmitted by means of wire communication in and affecting interstate commerce, certain writings, signs, and signals, including a payment in the

4

amount of $3,956.82, for defendant's personal expenses payable to Cheap Caribbean Vacations, charged on his Velda City VISA credit card issued by Simmons Bank of St. Louis, which transaction was initiated by defendant in St. Louis, Missouri, and which funds originated from Velda City's Simmons Bank account, and which funds were ultimately transmitted via the internet to Cheap Caribbean Vacations through the bank's third party credit card payment processing center operated by JHA Money Center with headquarters in Allen, Texas.

In violation of Title 18, United States Code, Section 1343.

### COUNT 2

15.   On or about January 11, 2023, within the Eastern District of Missouri and elsewhere, for the purpose of executing the above-described scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, and representations, the defendant,

**DANIEL PAULINO,**

did knowingly transmit and cause to be transmitted by means of wire communication in and affecting interstate commerce, certain writings, signs, and signals, including a payment in the amount of $4,000.00, for defendant's personal expenses payable to Bommarito Audi, charged on his Velda City VISA credit card issued by Simmons Bank of St. Louis, which transaction was initiated by defendant in St. Louis, Missouri, and which funds originated from Velda City's Simmons Bank account, and which funds were ultimately transmitted via the internet to

Bommarito Audi through the bank's third party credit card payment processing center operated by JHA Money Center with headquarters in Allen, Texas.

In violation of Title 18, United States Code, Section 1343.

## COUNT 3

16.     On or about June 16, 2022, within the Eastern District of Missouri and elsewhere, for the purpose of executing the above-described scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, and representations, the defendant,

### DANIEL PAULINO,

did knowingly transmit and cause to be transmitted by means of wire communication in and affecting interstate commerce, certain writings, signs, and signals, including a payment in the amount of $808.75, for defendant's personal expenses payable to Leslies Pool Supply, charged on his Velda City VISA credit card issued by Simmons Bank of St. Louis, which transaction was initiated by defendant in St. Louis, Missouri, and which funds originated from Velda City's Simmons Bank account, and which funds were ultimately transmitted via the internet to Leslies Pool Supply through the bank's third party credit card payment processing center operated by JHA Money Center with headquarters in Allen, Texas.

In violation of Title 18, United States Code, Section 1343.

### FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.     Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 1343 as set forth in Counts 1, 2 and 3, the defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

2.      Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to such violation, which is at least $313,420.02

3.      If any of the property described above. as a result of any act or omission of the defendant:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____

FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____

HAL GOLDSMITH, #32984MO
Assistant United States Attorney